UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUGO CERVANTES,

        Plaintiff,

  vs.

SAN JOSE REGIONAL TRAUMA CENTER; MONTEREY SHERIFF'S DEPARTMENT; and JOHN DOES 1-3,

        Defendants.
                                      /

No. C 09-0071 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff, a prisoner at Corcoran State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that he suffered a cut artery in his left foot and was taken to the San Jose Regional Trauma Center. He does not say how the injury occurred or if he was in custody when he was taken to the hospital. At the hospital one surgery was performed, and a second one scheduled. Plaintiff signed the papers for the second surgery, which was intended to "restore blood flow to my left foot." He alleges that instead of receiving the surgery, the "Monterey County Sheriff's Department transported me as a prisoner." He does not say where he was transported, though it seems likely it was the Monterey County Jail, nor does he say who transported him or allege that whoever transported him prevented him from receiving the second surgery, though perhaps that is implied.

Plaintiff's left foot "turned black and died." It was amputated.

A state actor's failure to provide adequate medical care for a prisoner is a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Thus, to state a claim plaintiff must plead sufficient facts to make it plausible that a state actor defendant was deliberately indifferent to his medical need.

One of the defendants named is the San Jose Regional Trauma Center. Plaintiff alleges only that the hospital performed one surgery and scheduled another. He does not say what he thinks the hospital did wrong, much less allege facts that would amount to deliberate indifference to a serious medical need on the part of this defendant. Furthermore, although a private entity may be sued under section 1983 if the plaintiff can show a close nexus between the State and the challenged action, *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 121 S. Ct. 924, 930 (2001), a plaintiff seeking to assert a section 1983 claim against such a defendant must show that a policy or custom of the defendant caused the constitutional tort. *See Rojas v. Alexander's Department Store*, 924 F.2d 406, 408-09 (2d Cir. 1990). This plaintiff has not done. The claim against the hospital will be dismissed with leave to amend.

Another of the defendants is the Monterey County Sheriff's Department. The police department of a city and the sheriffs department of a county are public entities under California law and therefore may be sued in federal court. *See Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604-05 & n.1 (9th Cir. 1986); *see also Brewster v. Shasta County*, 275 F.3d 803, 812 (9th Cir. 2001) (California county sheriff's department acts for county rather than state when investigating crime, thus county may be subject to § 1983 liability). As with claims against municipalities, however, plaintiff must allege that the violation of his rights was pursuant to a custom or policy of the department, or allege facts from which such a custom or policy can be inferred, *see Shaw*, 788 F.2d at 610-11, and he has not done so. This claim against the sheriff's office also will be dismissed with leave to amend.

The only other defendants plaintiff has named are John Does. He does not provide specific factual allegations regarding any of them – for instance, "John Doe 1 was a deputy sheriff who . . . ." The Doe claims also will be dismissed with leave to amend.

**CONCLUSION**

1. For the foregoing reasons, the case is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint

1  must include the caption and civil case number used in this order and the words
2  AMENDED COMPLAINT on the first page.  Because an amended complaint completely
3  replaces the original complaint, plaintiff must include in it all the claims he wishes to
4  present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not
5  incorporate material from the original complaint by reference.  Failure to amend within the
6  designated time will result in the dismissal of these claims.

7       2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
8  court informed of any change of address by filing a separate paper with the clerk headed
9  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.
10 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
11 Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  January 21, 2009.

PHYLLIS J. HAMILTON
United States District Judge

28  G:\PRO-SE\PJH\CR.09\CERVANTES0071.DWLTA.wpd

4