UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HUGO CERVANTES,

    Plaintiff,

vs.

SAN JOSE REGIONAL TRAUMA CENTER; MONTEREY SHERIFF'S DEPARTMENT; and JOHN DOES 1-3,

    Defendants.
                                /

No. C 09-0071 PJH (PR)

**ORDER OF DISMISSAL**

This is a civil rights case brought pro se by a state prisoner. It was dismissed with leave to amend in an order entered on January 21, 2009. Plaintiff has amended. The court will now review the amended complaint to determine if it may proceed.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff was involved in a drive-by shooting on February 24, 2007. In trying to escape from the victims he crashed his car. An artery in his left leg was cut in the crash; officers arrested him and had him flown to defendant San Jose Regional Trauma Center. There surgery was performed to repair the artery. Several days later tests revealed that plaintiff still had insufficient blood flow to his foot, so a second surgery was scheduled. Plaintiff signed releases for it. On the morning of the scheduled surgeries two female officers, named here as "John Does," picked him up and transported him to the Monterey County Jail, thus preventing the surgery. Although plaintiff omits the fact from his amended complaint, in the original complaint he alleged that his foot had to be amputated as a result of the second surgery not being performed.

Plaintiff presented and presents only federal section 1983 claims, rather than state-law malpractice or negligence claims. As a result, in the initial review order his claims were dismissed for failure to allege that employees of the defendant hospital and the defendant sheriff's department were acting in accordance with a policy or practice of the hospital or sheriff's department, a requirement for the federal claims. *See Rojas v. Alexander's*

*Department Store*, 924 F.2d 406, 408-09 (2d Cir. 1990) (even if plaintiff can show sufficient nexus between the state and non-governmental actor to support section 1983 liability, he or she must show that a policy or custom of defendant caused constitutional tort); *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 610-11 (9th Cir. 1986) (same as to police department).  The claims against the John Does were dismissed because plaintiff did not mention them in the statement of his claim.

In the amended complaint plaintiff says that the basis for his claim against the hospital is that they could have refused to release him.  This is not an allegation that the injury was caused by a policy or practice of the hospital.

Plaintiff does not explain why he thinks the sheriff's department should be held liable, so of course he has not alleged a policy or practice on its part, despite having been warned that he must do so.

Finally, as to the John Does, he says that two of them were the officers who took him from the hospital, knowing surgery was scheduled, which might suffice to state a claim against them, but of course they cannot be served without a name and address for service.  Because there is no viable defendant in the case, it will be dismissed without prejudice.  In this context, "without prejudice" means that the dismissal will not, in itself, prevent plaintiff from filing a new case here or in state court if he learns the names of the officers involved.

## CONCLUSION

For the foregoing reasons, the case is **DISMISSED** without prejudice.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 3, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.09\CERVANTES0071.DMS.wpd

3